UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

 05    1054

John McLaughlin,

    Plaintiff

v.

Atlantic City,
Officer Domenico Raddi,
Officer Michael Camp,
Atlantic City Police
Commissioner
Arthur C. Snellbaker;
and UNKNOWN DOES 1-5,
Atlantic City Police Officers,

    Defendants.

**COMPLAINT FOR DAMAGES**

CASE NO.

JURY DEMAND

GLASSER, J.

AZRACK, J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
FEB 22 2005
BROOKLYN OFFICE

## JURISDICTION AND VENUE

1. Jurisdiction is vested in this Court under 28 U.S.C. §1343(3)(4) for violation of the 1971 Civil Rights Enforcement Act, as amended, including 42 U.S.C. §1983 and §§1331 and 1367(a).

2. Venue is proper in the Eastern District of New York under 28 U.S.C. 1391(a)(b).

3. Plaintiff has fully met the mandatory prerequisites of N.J.S.A. 59:1-1 et seq. (New Jersey Tort Claims Act).

## PARTIES

4. Plaintiff JOHN MCLAUGHLIN is a citizen and resident of the City of New York, County of Kings, State of New York.

5. Defendant ATLANTIC CITY is a municipality, organized and existing under the laws of the State of New Jersey, and is the public employer of the police officers named as Defendants in this action.

6. Defendants DOMENICO RADDI and MICHAEL CAMP are ATLANTIC CITY police officers.

7. Defendant Atlantic City Police Chief ARTHUR C. SNELLBAKER is the duly authorized policymaker of Atlantic City and the Atlantic City Police Department.

8. Plaintiff is unaware of the true names and capacities of those sued herein as unknown other named Defendants. Plaintiff will amend this complaint to allege said Defendants' true names and capacities when that information becomes known to him. Plaintiff is informed, believe and thereon allege that these unknown other named Defendants are legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligence, carelessness, deliberate indifference, intentional, willful or wanton misconduct in creating and otherwise causing the incident, conditions and circumstances hereinafter set forth, or by reason of direct or impugned negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this complaint to set forth said true names and identities of the unknown other named Defendants when they are ascertained.

9. Each of the individual Defendants sued herein is sued both in his individual capacity as well as his official capacity.

10. Plaintiff is informed and believe and thereon allege that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy, and with the permission and consent of other co-Defendants.

## FACTS

11. This complaint concerns the unfortunate and preventable incident which occurred in the early hours of October 12, 2003, at or about 2:20 a.m., and began at the Taj Mahal Hotel Casino, in Atlantic City, New Jersey.

12. On said date and at said time and location, Defendants DOMENIC RADDI and MICHAEL CAMP, while in the course and scope of employment, and without legal cause or justification, arrested, handcuffed and violently assaulted and battered Plaintiff JOHN MCLAUGHLIN.

13. At said time and place, Defendants RADDI and CAMP violently assaulted Plaintiff JOHN MCLAUGHLIN by striking Plaintiff in the face with a nightstick, then choking Plaintiff from behind with a nightstick, striking Plaintiff from behind, knocking him unconscious and causing Plaintiff to fall to the ground face first resulting in fractures to Plaintiff's nose, cheekbone and damages to the orbits of Plaintiff's eyes. While on the ground unconscious and handcuffed, Defendants RADDI and CAMP continued to kick and punch Plaintiff about the head and torso area while handcuffed and unconscious on the ground.

14. Said officers of the Atlantic City Police Department then attempted to cover up the true facts of this incident by fabricating an implausible story that Plaintiff had initially attacked him.

15. Officer RADDI falsely and maliciously swore out a complaint which charged Plaintiff with aggravated assault, an indictable offense which is a felony.

16. Officers RADDI and CAMP of the Atlantic City Policy Department falsely arrested and imprisoned Plaintiff.

17. At no time did Plaintiff JOHN MCLAUGHLIN pose any threat to the officers of the Atlantic City Police Department which would have justified the use of such excessive force as described herein.

## COUNT ONE

### VIOLATION OF CONSTITUTIONAL RIGHTS (§1983)

19. Plaintiff restates and incorporates by reference the foregoing paragraphs of this complaint as if set forth in full at this point.

20. This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to Plaintiff JOHN

MCLAUGHLIN by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

21. At all times mentioned herein, Defendant ATLANTIC CITY employed Defendants RADDI and CAMP. Said Defendants provided their individual officer Defendants, as employees and agents with official badges and identification cards which designated and described the bearers as employees of the Atlantic City Police Department of ATLANTIC CITY.

22. During all times mentioned herein, the individual Defendants, and each of him, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, processes, customs and usages of ATLANTIC CITY. Each of the Defendants herein, separately and in concert, deprived Plaintiff of the rights, privileges and immunities secured to him by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and laws of the United States.

23. Plaintiff is informed, believe and thereon allege that on or about October 12, 2003, officers of the Atlantic City Police Department assaulted and battered him, as previously described above, all of which constituted excessive, unjustifiable and unreasonable force in violation of and with deliberate indifference to JOHN MCLAUGHLIN's constitutional right to be free from unreasonable searches and seizures, and his due process rights to be free from arbitrary deprivations of life, liberty, property and the pursuit of happiness.

24. The above articulated constitutional violations were proximately caused by ATLANTIC CITY's deliberate indifference to the maintenance, training and control of its officers, and the constitutional violations set forth above were proximately caused by the customs, practices, policies and decisions of Defendant ATLANTIC CITY and the Atlantic City Police Department, including, but not limited to, inadequate training and supervision of employees of the Atlantic City Police Department with respect to the use of force and the proper procedure for restraining and detaining individuals.

25. Plaintiff is informed and believes and thereupon alleges that prior to October 12, 2003, Defendant ATLANTIC CITY and the Atlantic City Police Department hired, trained, supervised, employed and/or managed the individual Defendant officers with conscious disregard and deliberate indifference to the constitutional rights of third parties, in that it was plainly obvious to ATLANTIC CITY and the Atlantic City Police Department these officers were dangerous and violent employees, prone to assault and batter persons and/or use unnecessary, unreasonable, deadly and/or unlawful physical force without reasonable justification. Since adequate scrutiny of these individual Defendants' backgrounds would have led reasonable policymakers within ATLANTIC CITY and the Atlantic City Police Department to conclude that the plainly obvious consequence of the decision to hire and continue to retain these individual Defendants would be the deprivation of a third party's Fourth Amendment rights to be free from unreasonable and excessive force, ATLANTIC CITY and the Atlantic City Police Department were deliberately indifferent to Plaintiff' federally protected rights when the individuals named herein were hired and retained.

26. That as set forth in the foregoing paragraphs of this complaint, the officers' assaulting and battering of JOHN MCLAUGHLIN was an unconstitutional display of unreasonable and excessive force, which violated JOHN MCLAUGHLIN's right to be free from unreasonable seizures. Plaintiff is informed and believe, and thereupon alleges that the details of this incident have been revealed to the authorized policymakers within ATLANTIC CITY and the Atlantic City Police Department, and that such policymakers have direct knowledge of the fact that the assault and battery on JOHN MCLAUGHLIN, and deliberate indifference to JOHN MCLAUGHLIN's medical condition was not justified, but rather represented an unconstitutional display of unreasonable and excessive force. Notwithstanding this knowledge, the authorized policymakers within ATLANTIC CITY and the Atlantic City Police Department have approved of the officers' unjustifiable assault and battery of JOHN MCLAUGHLIN and the basis for that assault and battery. By so doing, the authorized policymakers within ATLANTIC CITY and the

Atlantic City Police Department have shown affirmative agreement with the individual Defendant officers' actions, and had ratified the unconstitutional acts of the individual Defendant officers.

27. Despite the fact that ATLANTIC CITY and the Atlantic City Police Department knew or should have known of the fact that these acts, omissions, decisions, practices, customs and policies, both formal and informal were being carried out by its agents and employees, ATLANTIC CITY and the Atlantic City Police Department have taken no steps or efforts to order a halt to this course of conduct, nor to make redress to this Plaintiff or other civilian citizens injured thereby, and has failed to take any disciplinary action whatsoever against its employees or agents.

28. The above acts or omissions of the Defendants were undertaken while under color of state law and resulted in a violation of Plaintiff's constitutional rights, as stated herein.

29. Plaintiff has a liberty interest to life and the right not to be deprived of liberty or property without due process of law. This right and privilege is secured to Plaintiff by the provisions of the Fourth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and by 42 U.S.C. §1983. This interest was breached by the wrongful conduct of the Defendants which proximately caused JOHN MCLAUGHLIN's injuries, as described herein. All of these rights and privileges are secured to all Plaintiff by the provisions of the Fourth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and by 42 U.S.C. §1983. All of these interests were implicated by the wrongful conduct of Defendants which proximately caused the injuries to JOHN MCLAUGHLIN.

30. Each of the individual Defendants acted in concert, acted outside the scope of his or her jurisdiction and without authorization of law, and each of the individual Defendants, separately and in concert, acted willfully, knowingly and with reckless disregard and deliberate indifference to the known consequences of their acts and omissions and purposefully with the intent to deprive Plaintiff of his federally protected rights and privileges and did, in fact, violate those rights and

privileges, entitling Plaintiff to punitive and exemplary damages in an amount to be proven at the trial of this matter.

31. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the Defendants, and each of them, Plaintiff has suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment and apprehension, all to his damage in a sum to be determined at trial. Additionally, Plaintiff has been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other costs in the prosecution of the above-articulated constitutional violations.

32. As a result of these acts, Plaintiff has lost future wages resulting from the incident as described herein, in an amount to be determined according to proof at time of trial. As a proximate result of the aforementioned conduct of Defendants, and each of them, Plaintiff sustained emotional injuries and was required to and did employ physicians and surgeons to examine, treat and care for him, and incurred medical expenses for said treatment in an amount according to proof at trial.

33. Plaintiff is entitled to, and hereby demands costs, attorneys' fees and expenses pursuant to 42 US.C. §1988.

## COUNT TWO

### DETENTION AND CONFINEMENT §1983

34. Plaintiff repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 36 above with the same force and effect as if herein set forth.

35. As a result of their concerted unlawful and malicious detention and confinement of Plaintiff JOHN MCLAUGHLIN, Defendants RADDI and CAMP denied Plaintiff of his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

7

36. WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT THREE

## CONSPIRACY §1985

37. Plaintiff repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 36 above with the same force and effect as if herein set forth.

38. As a result of the concerted unlawful and malicious conspiracy of Defendants RADDI and CAMP, Plaintiff JOHN MCLAUGHLIN was deprived of his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §§1983 and 1985.

39. WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT FOUR

## MALICIOUS PROSECUTION

40. Plaintiff repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 42 above with the same force and effect as if herein set forth.

41. Defendant RADDI instituted criminal process against the Plaintiff with malice and played an active part in the initiation of the criminal proceedings in that Defendant initiated and swore out a Criminal Complaint for Aggravated Assault against Plaintiff JOHN MCLAUGHLIN alleging that

Plaintiff grabbed Officer RADDI by the neck and choked him in violation of NJS 2C:12-1B(5)(A);

42. The charges were not based upon probable cause.

43. The criminal proceeding terminated in favor of the Plaintiff when the Municipal Court Judge of Atlantic County dismissed all of the charges against JOHN MCLAUGHLIN on February 10, 2004

44. WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special, compensatory and punitive damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT FIVE

### FALSE ARREST/IMPRISONMENT

45. Plaintiff repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 44 above with the same force and effect as if herein set forth.

46. At all times relevant herein, **(a)** Defendants acted with the intention of confining JOHN MCLAUGHLIN within fixed boundaries, **(b)** the acts directly or indirectly resulted in confinement, and **(c)** JOHN MCLAUGHLIN was conscious of the confinement.

47. Under the color of state law, Defendants RADDI and CAMP directly caused the unlawful imprisonment of JOHN MCLAUGHLIN in the Atlantic City jail.

48. As a direct and proximate result of the conduct of the Defendants, JOHN MCLAUGHLIN suffered harm and damages including but not limited to the aforesaid damages.

49. WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special, compensatory damages, punitive damages, attorneys' fees and costs of the litigation in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT SIX

### ASSAULT & BATTERY

50. Plaintiff incorporates by reference the allegations in paragraphs 1 through 49 above with the same force and effect as if herein set forth.

51. Defendant RADDI intentionally created an apprehension of immediate physical harm by means of overt gestures, to wit, kicking, punching, and choking JOHN MCLAUGHLIN for no known purpose other than to create in Plaintiff an apprehension of immediate physical harm.

52. Defendant DOES 1-5 intentionally created an apprehension of immediate physical harm by means of overt gestures, to wit, grabbing, tackling and choking Plaintiff for no known purpose other than to create in Plaintiff an apprehension of immediate physical harm.

53. Any reasonable person would also become apprehensive in the face of Defendants RADDI and CAMP's threatening conduct.

54. Without the consent of Plaintiff JOHN MCLAUGHLIN, Defendants RADDI, CAMP and unknown Defendant DOES 1-5 intentionally, harmfully, and offensively touched Plaintiff JOHN MCLAUGHLIN by hitting, beating, punching, kicking, shoving, choking, macing and handcuffing him.

55. WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special, compensatory damages, punitive damages, attorneys' fees and costs of the litigation in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT SEVEN

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56. Plaintiff incorporates by reference the allegations in paragraphs 1 through 55 above with the same force and effect as if herein set forth.

57. Defendants, and each of them, intentionally and deliberately inflicted emotional distress on JOHN MCLAUGHLIN by maliciously prosecuting Plaintiff, or by abusing the lawful process by unlawful purpose, or by violating Plaintiff' constitutional rights, or by falsely arresting and

10

imprisoning Plaintiff, by conspiring against Plaintiff, or by interfering with Plaintiff's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

58. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

59. The actions of each of the Defendants was the cause of JOHN MCLAUGHLIN's distress.

60. The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable man could be expected to endure.

61. As a result of the Defendants' extreme and outrageous conduct, Plaintiff will, with a high degree of likelihood, continue to be emotionally distressed due to the intentional acts of Defendants.

62. As a result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

63. WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against Defendants in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

## COUNT EIGHT

### NEGLIGENCE

64. Plaintiff repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 63 above with the same force and effect as if herein set forth.

65. Defendants Atlantic City and Police Commissioner Arthur C. Snellbaker owed a duty to supervise or train police officers and to take steps to prevent events such as occurred here, to wit, the beatings, false arrest and imprisonment and the swearing to charges without probable cause.

66. Defendants RADDI and CAMP owed a duty to act according to the standard of ordinary care of a police officer, to the failure of which was the proximate cause of Plaintiff' injuries.

67. Defendants ATLANTIC CITY and Police Commissioner Arthur C. Snellbaker breached that duty by failing to act as an ordinary police commissioner would act, to wit, by failing to perform his duties and by failing adequately to control and to supervise his officers.

68. As a result of those breaches, which were the proximate causes of Plaintiff's injuries, Plaintiff suffered harm and damages.

69. WHEREFORE, Plaintiff demand judgment against Defendants ATLANTIC CITY, Police Commissioner Arthur C. Snellbaker, Officer RADDI and Officer CAMP for actual, special, compensatory and punitive damages, jointly and severally, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT NINE

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

70. Plaintiff incorporates by reference the allegations in paragraphs 1 through 69 above with the same force and effect as if herein set forth.

71. Defendants continually negligently inflicted emotional distress on the Plaintiff.

72. Defendants had a continuing affirmative duty to perform their professional services in such a manner as not to inflict emotional distress on the Plaintiff.

73. Defendants breached their duties to the Plaintiff.

74. Plaintiff never interfered with the Defendants' obligations under the above-described duties.

75. Plaintiff suffered not only physical symptomatologies but also, as a consequence of the physical injury, suffered mental injury by Defendants' breach of duty.

76. Plaintiff is, and, with a high degree of likelihood, will continue to be inflicted with emotional distress due to the negligence of Defendants.

77. As a result of the Defendants' negligent conduct, Plaintiff has suffered and will continue to suffer physical symptomatologies, pain, anguish, severe emotional trauma, embarrassment, and humiliation.

78. WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against Defendants in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, as follows:

1. For joint and several general damages in an amount to be determined according to proof at trial;
2. For medical and related expenses according to proof at trial;
3. For costs of suit incurred herein;
4. For punitive damages against each individual Defendant in an amount to be determined according to proof at trial;
5. Attorneys' fees, investigation fees and expert witnesses' fees incurred herein;
6. Prejudgment and Postjudgment as permitted by law;
7. A jury trial on all issues; and
8. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED: 2/17/05

*Kevin S Smith*

Law Office of KEVIN S. SMITH
P.O. Box 1185
Jackson, New Jersey 08527
(732) 905-7336
Attorney for Plaintiff